IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE ZUNI PUBLIC SCHOOL DISTRICT;
SKYLAR MARTINEZ, by and through
his next friends and parents, MALCOM
BOWETAKY and VURLENE BOWETAKY;
JEFFREY M. JOHNSON, by and through his
next friends and parents, MARDELL and
WILBUR JOHNSON; ERIQ HASKIE SANCHEZ,
by and through his next friend and
parent, MARISA SANCHEZ; AMBER DEYSEE,
by and through her next friends and
parents, CAROLINE and DEWEY DEYSEE, and
CHARLES BOOQUA, JR., by and through his
next friends and parents,  MARLENE and
CHARLES BOOQUA, SR.,

        Plaintiffs,

vs.                                                                                                                           No. CIV 99-89 MV/LFG

THE STATE OF NEW MEXICO, and
MICHAEL DAVIS, State Superintendent
of Schools, in his Official Capacity,

        Defendants.


THE GALLUP-MCKINLEY SCHOOL DISTRICT
NO. 1, THE GRANTS CIBOLA SCHOOL DISTRICT;
CHRISTINE JOHNSTON by and through her
next friend and parent, GLORIA JOHNSTON;
DORETTA LARGO by and through her next
friend and parent CHARLES CHIA; TARA LORENZO
by and through her next friend and parent
DENNIS LORENZO; TROY SANDOVAL by and through
his next friends and parents, DION SANDOVAL and
JOLYNN WASETA; JUSTIN SUAZO by and through
his next friends and parents, RITA SUAZO and DALE
SUAZO; WILLIAM GARCIA, MATTHEW GARCIA and
SARAH GARCIA by and through their next friends and
parents GEORGE GARCIA and ISABEL GARCIA;
KYLE NELSON and CHELSEA NELSON by and through

their next friends and parents, TOM NELSON and PAM
NELSON; and ERIN LEWIS and ERIK LEWIS by and
through their next friends and parents, MARK LEWIS
and MARIE LEWIS,

        Plaintiffs-Intervenors,

v.

THE STATE OF NEW MEXICO,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiffs' Motion of Remand of Proceedings to the State Court, filed February 23, 1999 **[Doc. No. 3]**. The Court, having considered the pleadings, relevant law, and being otherwise fully informed finds that the motion is well taken and will be **granted**.

### Background

In this removal action involving the apportionment of public funds for public education, Plaintiffs are two school districts in western New Mexico and some of their resident students and their parents. In a January 15, 1998 state court complaint, Plaintiffs aver that due to the large areas of Indian trust land within their district boundaries, they receive impact aid funds from the federal government. These impact aid funds, according to Plaintiffs, are meant to offset bond and mill levy revenues that would otherwise, but for the non-taxable nature of Indian trust lands, be available to fund capital improvements and maintenance in the districts. Prior to 1994, these funds were kept by districts to supplement funding. Plaintiffs claim that now, by operation of state law, 95% of these impact aid funds go to the general fund of the state. Bringing claims both under the New Mexico and

United States Constitutions, Plaintiff state that this funds diversion puts them at an economic and educational disadvantage with respect to school districts who are able to fund capital improvements and maintenance from bond and mill levy revenues and who do not have to remit 95% of those proceeds to the State.

The second amended complaint, filed December 21, 1998 in state court, includes three counts. The first seeks to enjoin Defendants, pursuant to Article XII, Section 1 of the New Mexico Constitution from continuing their funding practices. Count II looks to injunctive relief under the Fourteenth Amendment and 42 U.S.C. § 1983. Count III, citing only the state law allegations, requests monetary relief. The complaint-in-intervention is substantially similar to the second amended complaint; it does not, however, name Mr. Davis and it appears to request monetary relief for both the state and federal claims.

Originally suing only the State as a defendant, Plaintiffs were obliged to add Mr. Davis in his official capacity when the state judge, denying a motion to dismiss the § 1983 count on December 10, 1998, directed Plaintiffs to "amend their complaint to add an appropriate official in his or her official capacity to enable [the court] to effectively enforce any injunction orders that it may issue." *Zuni Public School District v. State of New Mexico*, No. CV-98-14-II, slip op. at 1-2 (11th Jud. Dist. N.M. Dec. 10, 1998). On January 21, 1999 the state court judge denied Defendants' notice of recusal, filed two days earlier. Not until January 26, 1999 did Defendants remove the state action to this Court, well after the time had run for the State to do so, but timely when considering the second amended complaint adding Mr. Davis as a defendant.

In support of their motion to remand, Plaintiffs raise procedural and jurisdictional arguments which both revolve around Mr. Davis' status. First, Plaintiffs claim that removal was improper

because the state failed to timely remove this action when filed. Plaintiffs then argue that Mr. Davis' removal also was improper because he is not a distinct defendant but was named solely in his capacity as the constitutional officer charged with managing the State Department of Public Education. Finally, Plaintiffs argue that because an action against Mr. Davis in his official capacity is an action against the State, the Eleventh Amendment divests this Court of jurisdiction to hear this case.

Mr. Davis responds by arguing that he is a separate and distinct party in this action, making his removal proper under 28 U.S.C. § 1446. Mr. Davis also argues that the Eleventh Amendment does not, pursuant to *Ex Parte Young*, 209 U.S. 123 (1908), bar a claim against a state official acting in an official capacity, where a plaintiff seeks only prospective injunctive relief.

## Discussion

The Court need not decide whether removal was proper because it finds that it is without jurisdiction, pursuant to the Eleventh Amendment, to hear this case. Plaintiffs have raised the Amendment as a bar to this Court's jurisdiction. A determination of Eleventh Amendment immunity revolves in part on the nature of the party that would enjoy its protection from suit. Therefore, the Court first turns to Plaintiffs' contention that Mr. Davis, because he is sued only in his official capacity, is not distinct as a defendant from the State of New Mexico.

From the record, the Court finds that Mr. Davis is a separate and distinct defendant in this action for purposes of Eleventh Amendment immunity. It is settled law that a suit against a state actor sued in his official capacity for damages is no different than a suit against the State itself. However, a suit that seeks only prospective relief against a state actor in an official capacity may go forward independent of a claim against a state because "official capacity actions for prospective relief are not treated as actions against the State." *Will v. Michigan Dep't of State Police*, 491 U.S. 58,

4

71 n. 10 (1989), *quoting Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). In this instance Plaintiffs have named Mr. Davis for the express purpose of obtaining injunctive relief in direct response to the state court's direction to do so. With respect to the § 1983 claim, then, Mr. Davis is a separate and distinct defendant.

Mr. Davis admits, as he must, that this Court is without jurisdiction to consider the damages claims against the State. *See Edelman v. Jordan*, 415 U.S. 651, 677 (1974). Stopping well short of arguing consent or congressional abrogation in this instance, *see Elephant Butte Irrigation Dist. v. Dep't of Interior*, 160 F.3d 602, 607 (1998), *cert. denied sub nom. Salisbury v. Elephant Butte Irr. Dist. of New Mexico*, 119 S.Ct. 1255 (1999), Mr. Davis concedes that to the extent this litigation seeks monetary relief against him the Court is without jurisdiction as well.[1] Michael Davis' Response to Motion for Remand of Proceedings to State Court at 13. Mr. Davis then argues that the Court, despite being barred from hearing some claims in this matter, nevertheless may proceed to hear, under the *Ex Parte Young* exception, the § 1983 claims seeking only prospective injunctive relief against him. *See Wisconsin Dep't of Corrections v. Schatcht*, 524 U.S. 381 (1998).

Looking to the nature of the underlying claims in this case, the Court finds that the Amendment is a total bar to the Court's jurisdiction. Generally,

> *Ex Parte Young* allows expanded federal jurisdiction over state action, and gives the federal courts a powerful tool for ensuring state compliance with federal laws. However, the decision whether to apply *Ex Parte Young* and allow a suit to proceed in federal court is often less than clear, and case law in this area reveals the difficulty of drawing principled distinctions on the facts of different cases. Courts struggle to find a compromise between vindicating the supremacy of

---

[1] The procedural posture of this case is not one where this Court could find an extraordinarily effective waiver of Eleventh Amendment immunity simply on the basis of removal by Mr. Davis. *See Sutton v. Utah State School for the Deaf and Blind*, _ F.3d _, 1999 WL 100895 (10th Cir. 1999).

5

> federal law and upholding the immunity of states under the Eleventh
> Amendment.

*Elephant Butte*, 160 F.3d at 608.

The Tenth Circuit has both moved away from a rigid mechanical application of Eleventh Amendment immunity and recognized a recent narrowing of the *Ex Parte Young* doctrine. *See Elephant Butte*, 160 F.3d at 608; *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1189 (10th Cir. 1998), *cert. denied*, 119 S.Ct. 904 (1999). The *Elephant Butte* court noted that the Supreme Court's decision in *Idaho v. Coeur D'Alene Tribe*, 512 U.S. 261 (1997) imposed an important new requirement on an Eleventh Amendment immunity analysis: an examination of whether the relief sought implicates special sovereignty interests and whether the requested relief is the functional equivalent to a form of legal relief against the state that would otherwise be barred by the Eleventh Amendment. *Elephant Butte*, 160 F.3d at 609 (quotations omitted).

Adding the *Coeur D'Alene Tribe* requirement to traditional Eleventh Amendment analysis, *id.*, the Court applies the following factors to this case: 1) whether this is an action against the state officials or against the State of New Mexico itself, 2) whether the alleged conduct constitutes a violation of federal law, 3) whether the relief Plaintiffs seek is permissible prospective relief or is analogous to a retroactive reward for damages impacting the state treasury, and 4) whether the suit rises to the level of implicating special sovereignty interests. *Id.*

These factors taken together counsel in favor of remand of this entire case. The first points to an action against the State, and not merely its official. The second and third admittedly favor jurisdiction in this Court, since a claim for prospective relief under federal law has been asserted. The special sovereignty interests of the State of New Mexico, however, dictate a remand of all the claims

6

now pending.

       This litigation is aimed at the State. A fair reading of the complaint shows that the primary aim of Plaintiffs is to change the State's manner of handling, since 1994, impact aid funds and to equalize funding for capital improvements and other educational needs in New Mexico's school districts. Plaintiffs' claims against Mr. Davis are not independent of their claims against the State, and flow at best from one form of relief they seek. Indeed, Mr. Davis was not named as a party until, almost one year after the filing of the original complaint, the State judge instructed Plaintiffs to add an official against whom injunctive relief would be effective. This action, therefore, focuses on the State of New Mexico itself, and only peripherally involves its superintendent of schools.

       The Court need not dispositively decide whether Mr. Davis' alleged conduct violates federal law; the Court need only ascertain whether Plaintiffs have "stated a non-frivolous, substantial claim for relief against [a] state official[] that does not merely allege a violation of federal law solely for the purpose of obtaining jurisdiction. *Id.* at 610 (citations and quotations omitted). In this case this determination is clouded somewhat by the procedural posture. Plaintiffs, who have alleged violations of § 1983, resist being in this forum. Defendants, who initially filed a 12(b)(6) motion in state court on the § 1983 claim, removed to this Court and now assert limited federal jurisdiction on that very claim. Without deciding the merits of the claims, however, *see id.* at 611, Plaintiffs' stating an equal protection claim under the Fourteenth Amendment seems to indicate that a violation of federal law is asserted.

       Like the second factor, the third factor disfavors remand. In this case the primary relief pursued is prospective. Plaintiffs seeks not only injunctive relief as in *Elephant Butte*, 160 F.3d at 611, but also request monetary relief in Count III. The first count of the complaint requests changes

7

pursuant to the New Mexico Constitution in funding practices and the implementation of a future educational scheme that will provide for uniform funding of capital improvements and other non-operational educational facilities, equipment, and services. Second Amended Complaint at 7. The second count asks for the same relief, pursuant to the United States Constitution. It is only in the third count that Plaintiffs address monetary relief, and then only as "necessary to fulfil the Defendants' Constitutional mandate." *Id.* at 9. On balance, then, the relief requested is more prospective than retrospective.

Even where a court concludes that a claim is for prospective relief from a violation of federal law by a state official, however, the Eleventh Amendment bars a suit where the relief sought "is an excessive intrusion into an area of special state sovereign interest," *Elephant Butte*, 160 F.3d at 611-12, and where an action implicates a state's dignity and status as a sovereign. *See ANR Pipeline*, 150 F.3d at 1194. What Plaintiffs have challenged are not contracts entered into pursuant to statute, *Elephant Butte*, 160 F.3d at 606, but statutes themselves in litigation aimed at the State. Education provided by a state is a service of undisputed importance, *see San Antonio Independent School Dist. v. Rodriguez*, 411 U.S. 1 (1973), and lies in an area of the law where "[s]tates historically have been sovereign." *United States v. Lopez*, 514 U.S. 549, 564 (1995).

Unlike the lease profits at issue in *Elephant* Butte, the redistribution of which did not create "an impermissible affront to New Mexico's political authority," *Elephant Butte*, 160 F.3d at 613, the State's choice of its funding mechanism for its schools directly implicates its dignity and status as a sovereign government. The State of New Mexico's interest in funding allocation for its school districts is more akin to the interests of the State of Idaho in its submerged lands in *Coeur D'Alene Tribe*, or the interests of the State of Kansas in its property tax scheme in *ANR Pipeline*, than in the

8

lease proceeds of *Elephant Butte*. An adjudication of the prospective relief sought against Mr. Davis, named not because of any specific acts he has carried out pursuant to state law but because he is the official who would comply with an injunction, is a sufficiently excessive intrusion into an area of special state sovereign interest to be barred by the Eleventh Amendment as construed in *Elephant Butte*. By operation of the Eleventh Amendment, the claims in this action against the State of New Mexico must be litigated in the first instance in their entirety in New Mexico's courts.

The Court declines to award costs and attorney fees.

THEREFORE,

IT IS HEREBY ORDERED that Motion of Remand of Proceedings to the State Court, filed February 23, 1999 **[Doc. No. 3]** be, and hereby is, **granted**.

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 1447(c), the Clerk of the Court shall mail a certified copy of this Memorandum Opinion and Order to the Clerk of the Court for the Eleventh Judicial District, State of New Mexico.

                                           MARTHA VÁZQUEZ
                                           UNITED STATES DISTRICT JUDGE

May 13, 1999

Counsel for Plaintiffs
Ronald J. Van Amberg

Counsel for Defendants
Karen H. Bradley
Steven L. Bunch

Counsel for Plaintiffs in Intervention
George W. Kozeliski
Bruce Boynton